ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ    08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER, J.U.S.D.C.

| | |
|---|---|
| ALLYSON SEXTON, general administratrix and adminis-tratrix ad prosequendum of the Estate of BRETT J. SEXTON, and ALLYSON SEXTON, individually, | : Civil Action no. <br> : 1:15-CV-03181 RBK AMD <br> : <br> : FIRST AMENDED COMPLAINT <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| ANTHONY J. RIZZETTA D.O.; JOEL S. STEINBERG M.D.; LEAH LOMBARDO R.N.; JESSICA PARSONS, NURSING ASSISTANT/ NURSE AIDE; KRISTINA RATTI R.N.; SHEILA PHILLIPS R.N.; PATRICIA ZAFFIRI R.N.; KEITH NEILSON; SHANE SHAW; KURT YOUNG; CAPE HOSPITALIST GROUP; CAPE REGIONAL MEDICAL CENTER; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | |

Plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, residing at 2648 Ashmill Road, Doylestown, Pennsylvania, by way of first amended complaint against defendants, says:

JURISDICTION

1.   At all times relevant hereto, plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, was a resident and citizen of the Commonwealth of Pennsylvania residing at 2648 Ash Mill Road, Doylestown, Pennsylvania, and the surviving spouse of plaintiff's decedent Brett J. Sexton.

2.   At all times relevant hereto, defendant Anthony J. Rizzetta D.O. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at Cape Hospitalist Group, Cape Regional Medical Center, 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.  Defendant Rizzetta resides at 417 Scarborough Court, Galloway, New Jersey.

3.   At all times relevant hereto, defendant Joel S. Steinberg M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at Cape Regional Medical Center, 2 Stone Harbor Boulevard, Cape

May Court House, New Jersey.  Defendant Steinberg resides at 113
North Frontenac Avenue, Margate City, New Jersey.

4.  At all times relevant hereto, defendant Leah
Lombardo R.N. was licensed to practice nursing in the State of
New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.  Defendant
Lombardo resides at 822 Maple Avenue, Linwood, New Jersey.

5.  At all times relevant hereto, defendant Jessica
Parsons was a licensed nursing assistant/nurse aide in the State
of New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.  Defendant
Parsons resides at 76 Hall Road, Dorchester, New Jersey.

6.  At all times relevant hereto, defendant Kristina
Ratti R.N. was licensed to practice nursing in the State of New
Jersey, employed at Cape Regional Medical Center, 2 Stone Harbor
Boulevard, Cape May Court House, New Jersey.  Defendant Ratti
resides at 400 East 10th Avenue, Unit 100, Wildwood, New Jersey.

7.  At all times relevant hereto, defendant Sheila
Phillips R.N. was licensed to practice nursing in the State of
New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.  Defendant
Phillips resides at 26 Point Drive, Somers Point, New Jersey.

8.  At all times relevant hereto, defendant Patricia
Zaffiri R.N. was licensed to practice nursing in the State of New

Jersey, employed at Cape Regional Medical Center, 2 Stone Harbor
Boulevard, Cape May Court House, New Jersey.  Defendant Zaffiri
resides at 3009 Bayshore Road, North Cape May, New Jersey.

9.  At all times relevant hereto, defendant Keith
Neilson was a member of the security staff of Cape Regional
Medical Center, 2 Stone Harbor Boulevard, Cape May Court House,
New Jersey.  Defendant Neilson resides at 10021 Corinthian Drive,
Stone Harbor, New Jersey.

10.  At all times relevant hereto, defendant Shane Shaw
was a member of the security staff of Cape Regional Medical
Center, 2 Stone Harbor Boulevard, Cape May Court House, New
Jersey.  Defendant Shaw resides at 301 Texas Avenue, Villas, New
Jersey.

11.  At all times relevant hereto, defendant Kurt Young
was a member of the security staff of Cape Regional Medical
Center, 2 Stone Harbor Boulevard, Cape May Court House, New
Jersey.  Defendant Young resides at 46 Somers Avenue, Ocean View,
New Jersey.

12.  At all times material to this Complaint, defendant
Cape Hospitalist Group was a professional association existing
under and/or in accordance with the laws of the State of New
Jersey which was the employer and/or principal of defendant
Rizzetta and/or for whom defendant Rizzetta was acting as the
agent, servant, and/or employee.

-4-

13.  At all times material to this Complaint, defendant Cape Regional Medical Center was a duly-licensed medical hospital in the State of New Jersey which provided medical and/or surgical services on an in-patient and/or out-patient and/or emergency basis with its principal place of business at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey, which employed defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or for whom defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young were acting as the agents, servants, and/or employees.

14.  At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

15.  At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, however many in number, who undertook and/or

assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

16.  At all times material to this Complaint, defend-ants John Doe Employers #1-15 (fictitious names) were corpora-tions, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

17.  At all times material to this complaint, Brett J. Sexton was admitted to Cape Regional Medical Center under the care of the individuals identified in this complaint.  He was admitted to this hospital for treatment of pancreatitis as well as alcohol detoxification.  Despite an inquiry by Mrs. Sexton about transfer to a Pennsylvania hospital, she was given assur-ances that her husband should remain at Cape Regional Medical Center for treatment because treatment there was equal to that of any hospital in Pennsylvania.

18.  Defendants' treatment failed to prevent delirium tremons from developing.  Once Mr. Sexton began to experience the symptoms of delirium tremons, defendants failed to properly treat, monitor, and/or supervise Mr. Sexton's illness.

19.  On or about July 15, 2015, Brett J. Sexton became disoriented and struggled with some and/or all of the defendants. At that time and place, Mr. Sexton was physically restrained and

medicated without proper monitoring.  As a result of defendants'
negligence and carelessness, Brett J. Sexton was allowed to be-
come non-responsive.  All efforts to resuscitate him were unsuc-
cessful as it was too late.

20.  Jurisdiction is vested in the United States
District Court for the District of New Jersey pursuant to 28
U.S.C. §1332 as there is complete diversity between plaintiff and
all defendants and the matter in controversy exceeds the sum of
$75,000.00, exclusive of interest and costs.  Complete diversity
is set forth above between and among plaintiff and each and every
defendant.

<u>VENUE</u>

Venue is properly laid because the acts and omissions
herein complained of occurred in this judicial district.

<u>FIRST COUNT</u>

1.  Plaintiff Allyson Sexton, general administratrix
and administratrix *ad prosequendum* of the Estate of Brett J.
Sexton, and Allyson Sexton, individually, is the surviving spouse
of plaintiff's decedent Brett J. Sexton and has no adverse
interest whatsoever to the within action.

2.  On July 15, 2013, plaintiff's decedent Brett J.
Sexton died as a result of the medical care and/or treatment
provided by the aforementioned defendants, which care and/or
treatment failed to comply with the applicable standards of care.

-7-

3.   This action is commenced within two years of the date of death of plaintiff's decedent Brett J. Sexton.

WHEREFORE, plaintiff demands judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SECOND COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Anthony J. Rizzetta D.O. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

-8-

2.   At the time and place aforesaid and at all times material hereto, defendant Anthony J. Rizzetta D.O. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Anthony J. Rizzetta D.O., plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Anthony J. Rizzetta D.O. for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>THIRD COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Joel S. Steinberg M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Joel S. Steinberg M.D. was negligent

in the diagnosis and/or treatment and/or care of plaintiff's
decedent.

      3.  As a direct and proximate result of the negligence
of defendant Joel S. Steinberg M.D. as hereinbefore set forth,
plaintiff's decedent was allowed to suffer permanent injuries
leading to his death on July 15, 2013.

      WHEREFORE, plaintiff demands judgment against defendant
Joel S. Steinberg M.D. for plaintiff's pain, suffering, and
expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and
damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any
successor statute) and/or other damages recoverable under the
laws of this state together with interest, counsel fees, costs of
suit, and such other relief which the Court deems equitable and
just.

FOURTH COUNT

      Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

      1.  On July 12, 2013, and thereafter, defendant Leah
Lombardo R.N. undertook and/or otherwise assisted in the
diagnosis and/or treatment and/or care of plaintiff's decedent
Brett J. Sexton.

      2.  At the time and place aforesaid and at all times
material hereto, defendant Leah Lombardo R.N. was negligent in

-10-

the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Leah Lombardo R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Leah Lombardo R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FIFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Jessica Parsons undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Jessica Parsons was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

-11-

3.    As a direct and proximate result of the negligence of defendant Jessica Parsons as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Jessica Parsons for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq*. (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SIXTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.    On July 12, 2013, and thereafter, defendant Kristina Ratti R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.    At the time and place aforesaid and at all times material hereto, defendant Kristina Ratti R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.    As a direct and proximate result of the negligence of defendant Kristina Ratti R.N. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Kristina Ratti R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Sheila Phillips R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Sheila Phillips R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Sheila Phillips R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

-13-

WHEREFORE, plaintiff demands judgment against defendant Sheila Phillips R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

EIGHTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Patricia Zaffiri R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Patricia Zaffiri R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Patricia Zaffiri R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

-14-

WHEREFORE, plaintiff demands judgment against defendant Patricia Zaffiri R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>NINTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Keith Neilson assisted in the care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Keith Neilson was negligent in the care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Keith Neilson as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Keith Neilson for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for

-15-

wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

TENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Shane Shaw assisted in the care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Shane Shaw was negligent in the care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Shane Shaw as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Shane Shaw for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

-16-

### ELEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Kurt Young assisted in the care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Kurt Young was negligent in the care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Kurt Young as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Kurt Young for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### TWELFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

-17-

1.  At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant Cape Hospitalist Group.

2.  Defendant Cape Hospitalist Group is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant Cape Hospitalist Group for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

THIRTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does

#1-15 and/or Jane Roes #1-15 and/or each of them were medical providers and/or other employees of defendant Cape Regional Medical Center who rendered care and treatment to plaintiff at defendant Cape Regional Medical Center.

2.   Defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting in their capacity as the agents, servants, and/or employees of defendant Cape Regional Medical Center.

3.   At all times material to this complaint, defendant Cape Regional Medical Center failed to properly train, supervise, evaluate, and/or monitor the care, skill, and knowledge of defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them.  As such, defendant Cape Regional Medical Center was negligent and failed to meet appropriate standards of care.

4.   At all times material to this complaint, defendant Cape Regional Medical Center was directly responsible for the injuries to plaintiff based upon the doctrine of *respondeat superior* or, in the alternative, the apparent authority of defendants Rizzetta and/or Steinberg and/or Lombardo and/or

-19-

Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or
Neilson and/or Shaw and/or Young in the care of plaintiff and/or
was itself otherwise negligent.

     5.  As a direct and proximate cause of defendants'
negligence, plaintiff was allowed to suffer permanent injuries
leading to his death on July 15, 2013.

     WHEREFORE, plaintiff demands judgment against defendant
Cape Regional Medical Center for plaintiff's pain, suffering, and
expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and
damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any
successor statute) and/or other damages recoverable under the
laws of this state together with interest, counsel fees, costs of
suit, and such other relief which the Court deems equitable and
just.

FOURTEENTH COUNT

     Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

     1.  At the time and place aforesaid and at all times
material hereto, defendants John Does #1-15 and/or each of them
undertook and/or otherwise assisted in the diagnosis and/or
treatment and/or care of plaintiff's decedent.

     2.  At the time and place aforesaid and at all times
material hereto, defendants John Does #1-15 and/or each of them

-20-

were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FIFTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.   At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them

-21-

were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SIXTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

-22-

2.   Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, plaintiff Allyson Sexton was the wife of Brett J. Sexton and entitled to her husband's support, society, services, advice, counsel, guidance, and/or consortium.

2.   As a direct and proximate result of the negligence of defendants and/or each of them as hereinbefore set forth, plaintiff Allyson Sexton has been deprived of her husband's

-23-

support, society, services, advice, counsel, guidance, and/or
consortium.

WHEREFORE, plaintiff demands judgment against
defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group;
Cape Regional Medical Center; John Does #1-15 (fictitious names);
Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15
(fictitious names), individually, jointly, severally, and/or in
the alternative, for plaintiff's pain, suffering, and expenses
under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

## EIGHTEENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At all times material hereto, Andrew Joseph Sexton,
James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth
Sexton, minors, were the natural children of Brett J. Sexton and
entitled to their father's financial support, comfort, companion-
ship, advice, counsel, consortium, and/or society.

-24-

2. As a direct and proximate result of the acts and/or omissions or defendants herein and/or each of them as hereinbefore set forth, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton have been deprived of their father's financial support, comfort, companionship, advice, counsel, consortium, and/or society.

WHEREFORE, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton, by and through their guardian *ad litem*, Allyson Sexton, demand judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq*. (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

-25-

## NINETEENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times
material hereto, defendants Anthony J. Rizzetta D.O.; Joel S.
Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing
assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.;
Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young;
Cape Hospitalist Group; Cape Regional Medical Center; John Does
#1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and
John Doe Employers #1-15 (fictitious names), acted with delibe-
rate and/or reckless indifference, with callous disregard, and/or
in an arbitrary and/or abusive manner of wanton and/or willful
disregard for the rights and safety of plaintiff's decedent,
Brett J. Sexton.

2. As a direct and proximate result of the deliberate
and/or reckless indifference and/or callous disregard of
defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group;
Cape Regional Medical Center; John Does #1-15 (fictitious names);
Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15
(fictitious names), plaintiff's decedent suffered and sustained

death and other damages compensable under the laws of the State of New Jersey and was otherwise damaged in such a manner so as to require the imposition of punitive damages.

WHEREFORE, plaintiff demand judgments against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for punitive damages as well as for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

TWENTIENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;

-27-

Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group;
Cape Regional Medical Center; John Does #1-15 (fictitious names);
Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15
(fictitious names), individually, jointly, severally, and/or in
the alternative, for plaintiff's pain, suffering, and expenses
under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
         MICHAEL S. BERGER

PLEASE TAKE NOTICE that plaintiff demands trial by jury
as to all issues pursuant to F.R.C.P. 38.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
         MICHAEL S. BERGER

-28-

## CERTIFICATION

In accordance with 28 U.S.C. §1746 and R.4:5-1, the undersigned hereby certifies that there are no other proceedings either pending or contemplated with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By_____
MICHAEL S. BERGER

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that plaintiff hereby demands strict compliance with R.4:5-1(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendants review all available records, undertake reasonable investigation, and determine the identity of any other individuals or entities who should be joined in this action pursuant to R.4:5-1(b)(2).

-29-

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By MICHAEL S. BERGER

PLEASE TAKE NOTICE that Michael S. Berger, Esquire, is hereby designated trial counsel on behalf of plaintiff in the above-entitled action pursuant to R.4:5-1(c).

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By MICHAEL S. BERGER

CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1.  I have read the content of the above pleading.

-30-

2.   To the best of my knowledge, information, and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-fath argument for the extension, modification, or reversal of existing law.

3.   It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By _____
MICHAEL S. BERGER

DATED: May 15, 2015

-31-